UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY WERCHAN | CIVIL ACTION |
| VERSUS | NO. 19-1428 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (1) |

# ORDER

Defendants move for summary judgment.[1] Plaintiff does not oppose the motion. Because there is no genuine dispute as to any material fact, and because defendants are entitled to a judgment as a matter of law, the Court grants defendants' motion.

## I.   BACKGROUND

This case arises from plaintiff Jeffrey Werchan's alleged exposure to harmful chemicals after the DEEPWATER HORIZON oil spill.[2] Plaintiff alleges that, after the oil spill, he performed "shoreline cleanup" between April 21, 2010 and April 29, 2010.[3] During the course of this work, plaintiff

---

[1]   R. Doc. 28.
[2]   *See* R. Doc. 1.
[3]   *Id.* at 5, ¶¶ 23, 25.

was allegedly exposed to "oil, dispersants, and other harmful chemicals."[4] Plaintiff states that this exposure caused permanent injuries, and he alleges that he was diagnosed with chronic sinusitis, chronic pharyngitis, and chronic pain in his upper and lower limbs on July 9, 2013.[5]

On February 15, 2019, plaintiff filed this action against defendants BP Exploration & Production Inc. and BP America Production Company, pursuant to the terms of the Medical Benefits Class Action Settlement Agreement ("MSA") in *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*. Plaintiff alleges that his exposure to toxic chemicals during the clean-up work legally and proximately caused his permanent injuries.[6] Defendants now move for summary judgment.[7] Plaintiff has not filed opposition to defendants' motion.[8]

---

[4]   *Id.* at 5-6, ¶ 25.
[5]   *Id.* at 6, ¶ 27, 31.
[6]   *Id.* at ¶ 31.
[7]   R. Doc. 28.
[8]   On September 15, 2020, plaintiff's counsel moved to withdraw from this action. R. Doc. 25. The Court granted the motion on October 7, 2020. R. Doc. 30. The Court ordered plaintiff to submit a written statement regarding future representation and the steps he was taking to secure new counsel by October 23, 2020. *Id.* at 2. The Court also notified plaintiff that failure to submit the required statement or to prosecute his case, with or without counsel, could result in appropriate sanctions, including dismissal. *Id.* Plaintiff did not comply with the Court's order.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion,

4

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Federal Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995). But, when a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of America v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Still, if the moving party fails to meet its burden, the Court must deny the motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

### III. DISCUSSION

The BP Settlement Agreement resolved damages claims for certain individuals exposed to harmful chemicals as a result of the oil spill. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, No.

10-2179, 2016 WL 4091416, at *4 (E.D. La. Aug 2, 2016). Class members who did not opt out of the agreement surrendered nearly all their rights to sue BP in return for defined compensation benefits. *See Piacun v. BP Exploration & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *3 (E.D. La. Dec. 12, 2016). One exception to this rule is when a class member's injury caused by his exposure to harmful chemicals is first diagnosed after April 16, 2012. *Id.* So long as certain preconditions are met, class members suffering from these "Later-Manifested Physical Conditions" ("LMPCs") are permitted to file suit against BP in federal court as part of the Settlement Agreement's "Back-End Litigation Option" ("BELO"). *Id.* at *4.

Plaintiff has asserted a BELO claim against defendants arising from his alleged exposure to toxic chemicals.[9] To succeed on this claim, plaintiff must prove, among other things, that his LMPC was legally caused by his exposure to harmful substances released as a result of the oil spill. *Id.* at *4-5 (stating the elements of a BELO claim as (1) the plaintiff has a "physical condition;" (2) the physical condition was diagnosed after April 16, 2012; and (3) the physical condition "resulted from exposure to oil or other hydrocarbons and/or dispersants or decontaminants used in connection with DEEPWATER HORIZON response activities").

---

9   *See* R. Doc. 1.

6

In a toxic torts case like this one, plaintiff *must* submit expert testimony to prove causation. *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (noting that "expert testimony is . . . required to establish causation"). There is no indication that plaintiff has retained an expert to provide testimony related to the causation of his LMPC. *See* Fed. R. Civ. P. 26(a)(2)(B). Nor is there an indication that plaintiff will present expert testimony from a non-retained treating physician. *See id.* 26(a)(2)(C). Pursuant to the Court's scheduling order, plaintiff's expert-disclosure deadline was set for September 16, 2020.[10] Defendants represent that plaintiff failed to make any expert disclosures or submit a single expert report before this deadline expired.[11]

Only two documents in the record speak to plaintiff's LPMCs. The first is a three-page Examination Report from Industrial Medicine Specialists ("IMS"), dated July 9, 2013.[12] As this Court has previously found, "any potential opinion from an IMS clinician" on causation is "unreliable and inadmissible under" Federal Rule of Evidence 702. *Banegas v. BP Expl. & Prod., Inc.*, No. 17-7429, 2019 WL 424683, at *2-3 (E.D. La. Feb. 4, 2019). In *Banegas*, the Court found IMS opinions inadmissible based on deposition

---

[10] R. Doc. 14 at 2.
[11] R. Doc. 28-1 at 6.
[12] R. Doc. 28-2 at 2-4.

7

testimony from IMS's owner, Dr. Paul Hubbell. *Id.* at *2. In his deposition for *Banegas*, Dr. Hubbell candidly admitted that "IMS conducted its examinations without information that is critical to proving causation . . . such as knowledge of what chemicals plaintiff was exposed to, the toxicological effect of those chemicals, or the degree of his exposure." *Id.* Here, with their motion for summary judgment, defendants again submit Dr. Hubbel's *Banegas* deposition.[13] Based on his testimony, the Court finds that plaintiff's IMS examination report is unreliable and inadmissible under Federal Rule of Evidence 702.[14]

The remaining document is a medical record from Diagnosis Imaging Services, signed by Dr. Bradley S. Shore.[15] This document seems to indicate that plaintiff received a diagnosis of "[c]hronic sinusitis" on November 9, 2013.[16] But, even if this document is admissible proof to show plaintiff's diagnosis, it does not provide any indication as to what *caused* the condition.

---

[13] R. Doc. 28-4. Although the deposition was not taken specifically for this suit, numerous courts have held that a deposition taken for a different action may be considered under Rule 56 for summary judgment as if it were a sworn affidavit. *See Bingham v. Jefferson County*, No. 11-48, 2013 WL 1312563, at *6 & n.4 (E.D. Tex. March 1, 2013) (collecting cases).
[14] *See, e.g.*, R. Doc. 28-4 at 6.
[15] R. Doc. 28-5 at 2.
[16] *Id.*

8

Accordingly, the Court finds that defendants' have shown that there is no genuine issue of material fact on causation, an essential element of plaintiff's claim. Plaintiff's claim fails, and the Court must grant defendants' motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED. Plaintiff's BELO claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd__ day of November, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE